UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

NICHOLAS SIMON

                Plaintiff,

  -against-

CITY OF NEW YORK,
DETECTIVE JOHN BOYLE and
JOHN DOE OFFICERS 1-10

                Defendants.

--------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff, NICHOLAS SIMON, by his attorneys, Keith White, PLLC., complaining of the defendants, The CITY OF NEW YORK, DETECTIVE JOHN BOYLE, Tax Registry No. 950096 ("DET. BOYLE") and JOHN DOE OFFICERS 1-10 ("DOES"), upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, NICHOLAS SIMON seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant DETECTIVE JOHN BOYLE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant DET. JOHN BOYLE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope

of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICERS JOHN DOES 1-10 were at all times relevant herein a duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JOHN DOES acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

9. The Plaintiff Nicholas Simon is an eighteen year old High School student who is home schooled due to the debilitating effects of acute Sickle Cell Anemia.

10. Because of his medical history, the Plaintiff is very small in statute, standing at 5 feet 4 inches tall and weighing just under 120 pounds.

11. On June 12, 2019, Plaintiff Nicholas Simon played basketball in a local playground near his home in Kings County, New York.

12. At approximately 6pm on June 12, 2019, as the Plaintiff was walking home and dribbling a basketball in Kings County, New York, Defendant Detective John Boyle and other unidentified members of the New York City Police Department (JOHN DOES 1-10) drove down the street adjacent to the Plaintiff, approached the Plaintiff from behind, lifted the Plaintiff off of the ground and violently threw the Plaintiff onto the ground.

13. After throwing the Plaintiff to the ground Defendant BOYLE and the JOHN DOE 1-10 officers threw the Plaintiff into the back of a squad car and placed him under arrest.

14. The Plaintiff suffers from severe asthma and requested water and assistance and asked why he was being arrested and manhandled. Yet, Defendant BOYLE and JOHN DOE Officers 1-10 refused to give Plaintiff information or assistance.

15. Surveillance footage from a local store and cell phone footage captured the entire series of events and circumstances surrounding the brutal arrest of the Plaintiff by Defendant BOYLE and JOHN DOES 1-10. The surveillance footage and cell phone footage shows that the Plaintiff was approached, grabbed, thrown and arrested from behind and never saw the officers coming.

16. Following the false arrest of the Plaintiff, Defendant BOYLE and JOHN DOES 1-10 took the Plaintiff to the 71st Precinct in Brooklyn for processing. When the Plaintiff's mother arrived at the precinct to inquire about the health and welfare of her son, she was mocked, disrespected and given no information.

17. After several hours in the precinct, and after the Plaintiff's mother pleaded with the desk seargeant to give the Plaintiff water, the Plaintiff was released from the jail and charged with disorderly conduct via a complaint, filled in by Defendant Boyle.

18. In his false and maliciously prosecuted complaint, Defendant Boyle alleged that the Plaintiff was exhibiting disorderly conduct with violent and threatening behavior.

19. Defendant Boyle's sworn statement specifically states:

**"At TPO the undersigned observed [Plaintiff] on a public sidewalk with intent to cause disruption, act in a violent and threatening manner towards police by pushing the undersigned. [Plaintiff's] actions caused a crowd to gather."- (attached as Plaintiff's Exhibit A).**

20. This false and malicious statement was sworn to by Defendant BOYLE.

21. While Defendant BOYLE's wildly untrue complaint is inconsistent with the video footage captured of the incident in question, upon information and belief Defendant BOYLE did not take steps to correct his statement and instead, doubled down on his misconduct, lies and fallacious statement in follow up interviews being conducted by Internal Affairs and the Civilian Complaint Review Board.

22. Surveillance footage from a local store and cell phone footage show Defendant BOYLE and JOHN DOES 1-10 approach the Plaintiff from behind, slam him to the floor and throw him in a squad car with no resistance from the Plaintiff.

23. Once presented with this surveillance footage and information, Defendant BOYLE was unrelenting and did not recant his false sworn statement.

24. Defendant BOYLE placed the Plaintiff under arrest at the 71st precinct in Brooklyn, New York.

25. Defendant BOYLE placed the Plaintiff under arrest on June 12, 2019 and charged Plaintiff with disorderly conduct.

26. The Plaintiff was forced to remain under arrest for several hours.

27. The Kings County District Attorney's Office quickly investigated the case and rightly determined that the Plaintiff should have never been arrested.

28. On October 1, 2019, because there was no basis for Plaintiff's arrest, the Kings County District Attorney's Office dismissed the charges against Plaintiff in the interest of justice. (Certificate of Disposition attached here as Plaintiff's Exhibit B).

29. There were no conditions to this dismissal and the dismissal was not the result of an adjournment in contemplation of dismissal.

30. As a result of the false charges leveled against Plaintiff by defendant BOYLE and defendant JOHN DOES 1-10 plaintiff spent several hours falsely imprisoned in jail until his release and subsequent arraignment and release on his own recognizance.

31. The arrest was caused by JOHN DOES 1-10 and JOHN BOYLE, who acted jointly.

32. The Plaintiff was never questioned or searched prior to being tackled by JOHN DOES 1-10 and Defendant BOYLE.

33. The surveillance footage clearly shows that there was no probable cause to arrest the Plaintiff.

34. Defendant BOYLE caused the commencement of plaintiff's prosecution for disorderly conduct by swearing to the truth of the information in BOYLE's complaint and causing it to be filed in Kings County Criminal Court, knowing that there was no probable cause for the prosecution and falsely and maliciously stating that there was probable cause for Plaintiff's arrest.

35. In causing and facilitating Plaintiff's criminal prosecution, defendant BOYLE acted maliciously.

36. In facilitating the Plaintiff's criminal prosecution, Defendant BOYLE acted maliciously by lying in a sworn affidavit as well as to employees of the Kings County District Attorneys Office when he stated that "[he]**observed [Plaintiff] on a public sidewalk with intent to cause disruption, act in a violent and threatening manner towards police by pushing**."

37. As a result of the above referred to wrongful and malicious conduct of the police defendants, the Plaintiff was damaged, including experiencing incarceration, loss of time from usual activities, loss of liberty, suffering, fright, emotional distress, and was otherwise damaged, including, as a result of the complained of conduct, incurring expenses and legal fees.

38. The abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the City of New York's Police Department, which was known to and approved of by the Defendant CITY of NEW YORK, the CITY of NEW YORK having at no time taken any effective action to prevent defendant BOYLE from continuing to engage in such misconduct as that complained of herein.

39. Defendant CITY of NEW YORK authorized, tolerated as institutionalized practices and approved of the misconduct herein before referred to by:

   a. Failing to properly train, discipline, restrict and control employees, including defendant BOYLE;

   b. Failing to implement proper procedures, guidelines and/or policies regarding the duty of police personnel to protect persons, including the plaintiff herein, from false and malicious allegations;

   c. Allowing, condoning and/or permitting police personnel to abuse citizens.

40. As a consequence of the abuse of authority detailed above, including the CITY of NEW YORK's condonation of official misconduct, plaintiff suffered the damages hereinbefore alleged.

## AS FOR A FIRST CAUSE OF ACTION

*DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

*FALSE ARREST, EXCESSIVE FORCE and MALICIOUS PROSECUTION*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

43. At all times during the events described above defendants lacked probable cause to charge plaintiff with criminal conduct.

44. At all times during the events described above the defendants used excessive force.

45. All of the aforementioned acts of defendants were carried out under the color of state law.

46. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

47. The acts complained of were carried out by the defendant in their capacity as a police officer, with all actual and/or apparent authority afforded thereto.

48. The acts complained of deprived plaintiff of her rights:

    i. To be free from false arrest;

    ii. To be free from unwarranted and malicious criminal prosecution;

    iii. To receive a fair trial; and

    iv. To be free from deprivation of liberty without due process of law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

49. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

50. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

51. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

52. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

53. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day

of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

54. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 11/15/2019
       Brooklyn, NY

By:    */s/Norman Keith White*
Norman Keith White, Esq.
*Attorney for Plaintiff*
198A Rogers Avenue
Brooklyn, NY 11225
Tel. 718-403-9261
keith@keithwhitelaw.com